UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 01-344(02) PAM/JGL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. TAFT HOWARD MARTIN, Defendant. | ) | **ORDER OF DETENTION** |

This matter came before the Court on May 25, 2005, for preliminary hearing and upon the motion of the United States for an Order of Detention. The defendant was present and represented by his attorney Lionel Norris. The United States was represented by Assistant United States Attorney Timothy C. Rank.

A preliminary hearing was held on May 25, 2005, at which time defendant waived the hearing and admitted probable cause for violation of the conditions of his probation. Defendant contests only the government's request for detention.

Based upon the evidence presented at the detention hearing, and on the arguments of counsel, the Court concludes that there has been a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community, including the safety of defendant himself. In addition, the Court concludes by a preponderance of the evidence that there are no conditions or combination of conditions of bond that will reasonably

ensure the defendant's appearance in court. Accordingly, the Court will grant the government's motion for detention.

FINDINGS OF FACT

On January 22, 2002, defendant Taft Howard Martin pleaded guilty to one count of Bank Robbery in violation of 18 U.S.C. §2113(a). On June 6, 2002, defendant was sentenced to 33 months in prison, followed by 3 years supervised release. Special conditions of release included abstaining from the use and possession of controlled substances and mandatory drug testing. On August 24, 2004, defendant was released from prison and began his period of supervised release. Since his release from prison, defendant has tested positive for, and/or admitted to, the use of cocaine on six separate occasions (on October 6, 2004, December 10, 2004, March 4, 2005, April 22, 2005, April 27, 2005 and May 16, 2005). He has twice been found to have violated the terms of his probation (on March 11, 2005 and April 26, 2005) and he was sentenced to 48 hours in jail on both occasions. The second time he was sentenced for a probation violation, defendant failed to show up to serve his sentence and instead a bench warrant had to be issued for his arrest.

DISCUSSION

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the

evidence that release will result in a serious risk of flight. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986). The Court finds that detention is justified under both of these criteria.

The preliminary hearing established probable cause to believe that the defendant violated the terms of his probation by using a controlled substance on six occasions since his release from incarceration on August 24, 2004. A rebuttable presumption therefore arises that no condition or combination of conditions will reasonably ensure the defendant's appearance in court and the safety of the community. See 18 U.S.C. § 3142(e).

Even without the presumption, the Court concludes that detention is warranted. Danger to the community is evident because defendant apparently is either unable or unwilling to stop using crack cocaine. Defendant's utter lack of concern or control constitutes a danger to the community and to the defendant himself. Based on defendant's unrestrained drug use, the risk of nonappearance is also great. Defendant has already failed to show up to serve a sentence ordered by the Court and a bench warrant had to be issued for his arrest.

**CONCLUSION**

Based upon the evidence presented, the Court concludes that the government has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of

the community. In addition, the Court concludes that the government has shown by a preponderance of the evidence that no condition or combination of conditions of bond will reasonably ensure the defendant's appearance in court. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending his final revocation hearing on June 6, 2005;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: May 26, 2005

s/Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief U.S. Magistrate Judge